UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENYA TAYLOR, ET AL.                                                                                PLAINTIFFS

V.                                                                            CIVIL ACTION NO. 3:14CV352-DPJ-FKB

MARSHALL FISHER, ET AL.                                                                        DEFENDANTS

ORDER

This civil-rights action is before the Court on motion of Defendants Marshall Fisher, Johnnie Denmark, Andrease Buckner, and Flora Bogan for summary judgment [95] as to Plaintiffs' state-law official-capacity claims under the Mississippi Tort Claims Act (MTCA). Plaintiffs have responded in opposition. The Court, having considered the parties' submissions and the relevant authorities, finds that Defendants' motion [95] should be granted.

The facts were set forth in detail in the Court's prior Order [39], which is incorporated herein. In that Order, the Court dismissed: (1) all § 1983 official-capacity claims; (2) the § 1983 individual-capacity claims against Epps and Denmark; and (3) all state-law individual-capacity claims. The Court denied without prejudice to refiling Defendants' motion to dismiss the § 1983 individual-capacity claims against Bogan and Buckner and the state-law official-capacity claims against all Defendants.

I.     State-Law Claims

Defendants' present motion seeks dismissal of Plaintiffs' state-law official-capacity claims as barred by the Eleventh Amendment. Plaintiffs argue in response that under the MTCA, "the state waives its immunity as to tort actions, which have been plead [sic] in this case." Pls.' Resp. [99] ¶ 4. But, as Defendants correctly point out, the MTCA specifically states that "[n]othing contained in this chapter shall be construed to waive the immunity of the state

from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States." Miss. Code Ann. § 11-46-5. Plaintiffs' state-law claims against Defendants in their official capacities are dismissed.

II.     Federal Claims

Curiously, Plaintiffs make the following statement in response to Defendants' motion:

> In discovery, Plaintiffs have learned that the Defendants investigated the strip search incident and found that it was not properly authorized and reiterated its policy against random strip searches. Therefore, it appears no prospective or injunctive relief is required and Plaintiffs agree that the 42 U.S.C. § 1983 claims against Defendants Fisher (Epps' successor), Denmark, Buckner and Bogan *should be dismissed*. However, the state law claims against them, both individually and in their official capacity under the MTCA should not.

Pls.' Resp. [99] ¶ 3 (emphasis added). As stated, Plaintiffs' official-capacity § 1983 claims against all Defendants and their individual-capacity § 1983 claims against Fisher and Denmark were dismissed in the Court's prior Order. Only Plaintiffs' individual-capacity § 1983 claims against Buckner and Bogan remain pending. The Court construes the statement "the 42 U.S.C. § 1983 claims . . . should be dismissed" as a concession of these remaining claims.[1] Plaintiffs' individual-capacity § 1983 claims against Buckner and Bogan are dismissed.

---

[1] Plaintiffs' use of the terms "prospective or injunctive relief" could be construed as a reference to *Ex parte Young*, which "allows [a plaintiff's] section 1983 claims for prospective injunctive relief against the individually named Defendants in their official capacities." *Yul Chu v. Miss. State Univ.*, 901 F. Supp. 2d 761, 775 (N.D. Miss. 2012). But Plaintiffs' official-capacity § 1983 claims against all Defendants were previously dismissed.

III.     Conclusion

Based on the foregoing, the Court finds that Defendants' motion for summary judgment [95] should be granted.  Plaintiffs' official-capacity state-law claims against Fisher, Denmark, Buckner, and Bogan are dismissed.

In addition, Plaintiffs' individual-capacity § 1983 claims against Buckner and Bogan are dismissed as conceded.

This Order, taken in conjunction with the Court's prior Order [39], resolves all claims against Fisher, Denmark, Buckner, and Bogan; these Defendants are dismissed.

The only claims that remain pending are Plaintiffs' claims against Defendants Kimeiriakis Buck and Travis Crane, against whom default judgments were entered on September 18, 2015.  In those Orders [51, 52], the Court instructed Plaintiffs to notify the Court when they desire a hearing to establish damages.  To date, Plaintiffs have not requested such a hearing.  Accordingly, Plaintiffs are directed to contact Courtroom Deputy Shone Powell to schedule a hearing as to damages within thirty (30) days of this Order.  Failure to comply will be construed as an abandonment of all claims against Buck and Crane.

**SO ORDERED AND ADJUDGED** this the 15th day of January, 2016.

                                         s/ *Daniel P. Jordan III*
                                         UNITED STATES DISTRICT JUDGE